IN THE UNITED STATES DISTRICT §§COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL UNION NO. 8,

                Plaintiff,        Case No. 3:05 CV 7329

  -vs-

                                 MEMORANDUM   OPINION
THOMAS JOSEPH, et al.,             AND   ORDER

                Defendant.

KATZ, J.

This case was removed to this Court from the Lucas County Common Pleas Court where a complaint had been filed. That removal was based on federal question jurisdiction arising under 28 U.S.C. §§ 1331 and 1337. Plaintiff has filed a motion seeking a remand of this case to state court. The matter has been fully briefed by the parties. For the reasons hereinafter stated, Plaintiff's motion to remand (Doc. No. 1) is denied.

## BACKGROUND

International Brotherhood of Electrical Workers, Local Union No. 8, ("Plaintiff" or "Local 8") filed its complaint against Thomas Joseph in the Lucas County Court of Common Pleas, alleging that the Defendant, in his individual capacity, tortiuously interfered with business relationships Local 8 had established with various contractors. Mr. Joseph is President (although he is referred to as Business Manager in Plaintiff's memorandum) of the United Association, Local No. 50 Journeymen and

Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (hereinafter "Local 50") which, together with IBEW Local Union No. 1076, was a party to a Collective Bargaining Agreement with the Mechanical Contractors Association of Northwestern Ohio, Inc., Service Contractors Division (hereinafter "MCA"). Local 50 has not been made a party to this action. As noted by the Defendant in its memorandum, that contract entailed the installation and servicing of heating, ventilating and air conditioning equipment ("Service Agreement"). The Service Agreement was a construction industry pre-hire contract. Under the National Labor Relations Act, Section 8(f), an employer engaged primarily in the building construction industry is permitted to hire members of a labor union without the union first establishing its status as the collective bargaining representative of the majority of the employees of the employer. 29 U.S.C. § 158(f). The effective dates of the Service Agreement were from November 12, 2002 to July 1, 2005. MCA represented heating, ventilating and air conditioning contractors.

Effective March 1, 2005, Local 1076 merged into Local 8. Thereafter, MCA elected not to renew the Service Agreement upon its expiration. Local 50 then filed a petition with the NLRB for an election to determine if it represented employees previously covered by that agreement. Local 8 filed an unfair labor practice charge to block the election. Other matters continued which are tangential to the issues before the Court. Suffice to say that there was significant activity between and among the labor unions involved in the transactions noted above.

In its complaint Local 8 contends that Mr. Joseph engaged in tortious interference of its business relationship with MCA and several other individual contractors, which through inference resulted in the

termination of the relationship between MCA and the Plaintiff in this case. That is reflected, according to the Defendant, in the content of the state court subpoenas directed at various contractors in that suit:

> designate one or more persons authorized to testify on [your] behalf as to the matters known or available to [you] on the following subjects of examination: labor relations in 2005; service agreement between Local 1076, Local 50 and MCA; termination of service agreement; terms and conditions of employment for [your] employees in 2005; communications between [you] and Joseph or other representatives of Local 50 in 2005.

The central issue involved in this motion to remand is whether the Plaintiff's claims and the proofs required to establish its claim involve an interpretation of or rely upon a right created by the Agreement with MCA, which Agreement is a collective bargaining agreement, and thus the matter would be preempted by federal law.

### DISCUSSION

While the Plaintiff makes much of the difference between claims of interference with business relationships as contrasted with interference with contract rights, the Court will make no such distinction. The basic issue as viewed by this Court is whether the Plaintiff's claims are inextricably intertwined with consideration of the terms of a labor agreement and/or whether the complaint takes its essence from the relationship created by that agreement. Phrased another way, the issue is whether Plaintiff's state law tort claims are independent of the labor agreement the parties entered into or draws its essence from the business relationship created by the CBA.

There are two important cases in this Circuit which discuss the issues before the Court and are dispositive of the matter. *DeCoe v. General Motors Corp.*, 32 F.3d 212 (6th Cir. 1994) and *Mattis v. Massman*, 355 F.3d 902 (6th Cir. 2004).

3

In *DeCoe* the Plaintiff was a union official and employee of General Motors who brought a state court action against GM and his co-workers arising out of charges of sexual harassment against the Plaintiff, alleging slander, tortious interference with economic relations, conspiracy and intentional infliction of emotional distress. The defendants removed the action to federal court. The district judge dismissed the action, holding that the Labor Management Relations Act preempted the Plaintiff's claims. In stating the issue the Court of Appeals articulated the test to be undertaken by the district court:

> In light of these directives, we have developed a two step approach for determining whether section 301 preemption applies. First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms * * * Second, the court must ascertain whether the right claimed by the party is created by the collective bargaining agreement or by state law. If the right both is born of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criteria is satisfied, section 301 preemption is warranted. * * *

*Id.* at 216. (Internal citations omitted.)

In upholding the preemption the Court of Appeals stated that

> * * * the Plaintiff in essence is claiming that the defendants exceeded the scope of CBA-imposed rights and duties, in their attempts to prosecute sexual harassment allegations. Thus, in each case, the plaintiff either invokes rights created by the collective bargaining agreement, or must make substantial reference to the CBA in order to establish an essential element of his claim.

*Id.*

In the *Mattis* case, the plaintiff had been terminated from employment with General Motors and brought a state court action against his former employer and supervisor, alleging, *inter alia*, tortious interference with advantageous economic relationship or expectation and intentional infliction of emotional distress. After removal to the United States District Court for the Eastern District of Michigan, the

4

district court granted the plaintiff's motion to amend the complaint and remand. Upon appeal the Court of Appeals for the Sixth Circuit held that state law tortious interference with an advantageous economic relationship claim was preempted by section 301 of the LMRA and the other state law claim was preempted by that section as well. The Court in *Mattis* relied heavily upon the tests articulated in *DeCoe*. 355 F.3d at 906. It declared that the tests established through *DeCoe* required the court to hold that Mattis's claim was preempted. The alleged interference with business relationship was deemed by the Court to be "created entirely by the CBA. * * * Undoubtedly, the supervisor would claim that his actions were consistent with his duties as a supervisor at the factory. Congress intended such questions to be addressed within the realm of federal, not state, law." *Id* at 907.

While the parties have utilized a sufficient number of pages to articulate their respective positions, this Court does not find it necessary to delve more deeply into the issues before it. Clearly, under *Mattis* and *DeCoe* the claims and/or proofs of Plaintiff's action require either an interpretation of the Agreement with MCA or rely upon a right created by that CBA. The interference with contract and the interference with business relationship are, in fact and in law, one and the same and clearly arise out of an agreement which is a labor agreement covered by Section 301 of the LMRA. Since the action takes its essence from the relationship created by the CBA, the precedents cited above require this Court to assume jurisdiction and deny remand.

IT IS SO ORDERED.

S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE